**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

**SEP 2 7 2002**

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ANDY LUNA AND CRISTINA LUNA  * | |
| Individually and As Next Friend of  * | |
| HECTOR ANDY LUNA, Minor Child,  * | |
|     Plaintiffs,  * | |
|   * | |
| v.  * | CIVIL ACTION No. **B*02-188** |
|   * | |
| MAGDALENA FLORES, M.D.,  * | |
| and BROWNSVILLE OBSTETRICS &  * | |
| GYNECOLOGY, P.L.L.C.,  * | |
|     Defendants.  * | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

    The United States of America, by and through Michael T. Shelby, United States Attorney

for the Southern District of Texas, for and on behalf of itself and Magdalena Flores, M.D., one

of the named defendants herein, represents:

    1. That Magdalena Flores, M.D. is a defendant in a civil action now pending in the 197th

District Court of Cameron County, Brownsville, State of Texas.  The cause is styled: **ANDY**

**LUNA AND CRISTINA LUNA, Individually and as Next Friend of HECTOR ANDY LUNA,**

**a Minor Child v. MAGDALENA FLORES, M.D., AND BROWNSVILLE OBSTETRICS &**

**GYNECOLOGY, P.L.L.C.**.  No trial has yet been had therein.  Copies of pleadings on file in

the State Court are attached hereto as Exhibit "A".

    2. The complaint alleges various claims against Magdalena Flores, M.D., for acts and/or

omissions occurring on or about June 11, 2000.  At the time of certain incidents alleged in the

complaint, Magdalena Flores, M.D. was an employee of the Brownsville Community Health

Center, an entity receiving federal grant money from the United States Public Health Service

pursuant to 42 U.S.C. §§254b, 254c, 256, or 256a. Pursuant to 42 U.S.C. §233(h), the United States Department of Health and Human Services has deemed Brownsville Community Health Center and its employees who are physicians, to be employees of the federal government only for purposes of coverage under the Federal Tort Claims Act, 28 U.S.C. §2671, et. seq., effective for acts and omissions on and after December 15, 1994. (See Government's Exhibit "B"–copies of the deeming letter dated June 30, 1993, the re-deeming letter dated June 20, 1996, are attachments to this exhibit.)

3. The Attorney General of the United States, by the United States Attorney for the Southern District of Texas, has certified, pursuant to 42 U.S.C. §233(c) and 28 U.S.C. §2679(d) that Brownsville Community Health Center was an entity receiving federal grant money from the United States Public Health Service pursuant to 42 U.S.C. §254b, 254c, 256, or 256a and that Magdalena Flores, M.D. was acting within the scope of her employment as a physician with Brownsville Community Health Center at the time of certain incidents alleged in the complaint, and that pursuant to 42 U.S.C. §233(g), Magdalena Flores, M.D. is deemed to be an employee of the United States Federal Tort Claims Act.  (Copies of the Certification of Scope of Employment filed pursuant to 42 U.S.C. §233[c] and 28 U.S.C. §2679[d] are attached hereto as Exhibit "C").

4. Both 42 U.S.C. §233(c) and 28 U.S.C. §2679(d)(2) provide that upon certification by the Attorney General, any civil action or proceeding commenced in a state court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place in which the action or

proceeding is pending, and that the action or proceeding shall be deemed to be an action or proceeding against the United States under the provisions of Title 28 and all references thereto.

5. The above-captioned action is one which may be removed without bond to this Court pursuant to 28 U.S.C. §2679(d), for the reason that the plaintiffs seek judgment for damages allegedly resulting from actions performed by the defendant, Magdalena Flores, M.D., while she was acting within the scope of her employment as a physician. Remedy by suit within the meaning of 28 U.S.C. §2679(b) is, therefore, available to plaintiffs against the United States.

6. This petition for removal is predicated on the following federal defenses:

a.   Defendant Magdalena Flores, M.D. is entitled to enjoy individual immunity from suit under the Federal Tort Claims Act. 28 U.S.C. §2671, et. seq. Immunity is a federal defense which provides a basis for removal of this action from state court to this Court pursuant to 28 U.S.C. §1442(a)(1). *Mesa v. California*, 489 U.S. 121, 133 (1989).

b.   Because the actions complained of arose out of Dr. Flores' course of employment with Brownsville Community Health Center, defendant, Magdalena Flores, M.D. is entitled to have the United States of America substituted as the party defendant pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 (P.L. 100-694).

3

7.  Attached is a certification by the United States Attorney, pursuant to 28 U.S.C. §2679(d)(1)-(3) and 38 C.F.R. §15.3, that said defendant Magdalena Flores, M.D. was acting within the scope of her employment at the time of the alleged occurrence.

WHEREFORE, the United States, on behalf of Magdalena Flores, M.D. removes the above-captioned action now pending in the 197th Judicial District Court in Cameron County, Texas, therefrom to this Court and that to the extent damages were sought from defendant, Magdalena Flores, M.D. prays that the action be deemed a tort action against the United States under the provisions of 28 U.S.C. §1346(b) and the Federal Employees Liability Reform and Tort Compensation Act of 1988 (P.L. 100-694).

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St. #201
Brownsville, Texas  78520
(956) 548-2554/FAX (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

4

## VERIFICATION OF PLEADINGS

I, Nancy L. Masso, Assistant United States Attorney, under penalty of perjury pursuant to *28 U.S.C. §1746*, verily believe that the foregoing facts stated in the Notice of Removal to be true based on information and belief.

_September 27, 2002_
DATE

NANCY L. MASSO
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing copy of the Notice of Removal was mailed via certified mail-return receipt requested on this the 27 day of September, 2002 to the following:

Peter M. Zavaleta
Attorney at Law
603 E. St. Charles Street
Brownsville, TX 78520
(Counsel for Plaintiffs)

Ricardo M. Adobatti
Attorney at Law
LAW OFFICES OF RICARDO M. ADOBBATI
134 E. Price Road
Brownsville, TX 78521
(Counsel for Magdalena Flores, M.D., and Brownsville Obstetrics & Gynecology, P.L.L.C.)

NANCY L. MASSO
Assistant United States Attorney

# GOVERNMENT'S EXHIBIT "A"

## COUNSEL OF RECORD:

Peter M. Zavaleta
Attorney at Law
603 E. St. Charles Street
Brownsville, TX 78520
(Counsel for Plaintiffs)

Ricardo M. Adobatti
Attorney at Law
LAW OFFICES OF RICARDO M. ADOBBATI
134 E. Price Road
Brownsville, TX 78521
(Counsel for Magdalena Flores, M.D., and Brownsville Obstetrics & Gynecology, P.L.L.C.)

Nancy L. Masso
Assistant United States Attorney
600 E. Harrison St. #201
Brownsville, TX 78520
(956) 548-2554/FAX (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263



GOVERNMENT
EXHIBIT
"A"

## GOVERNMENT'S EXHIBIT "A" TABLE OF CONTENTS

| <u>Tab</u> | <u>Document/Pleading</u> | <u>Date of Entry</u> |
|------|--------------------------|----------------------|
| 1 | Civil Docket | |
| 2 | Plaintiff's Original Petition | |
| 3 | State of Texas Citation for Personal Service: **(Magdalena Flores, M.D. served: 6/3/02)** (Not Available) | |
| 4 | State of Texas Citation for Personal Service: **(Brownsville Obstetrics & Gynecology, P.L.L.C. served: 6/3/02)** (Not Available) | |
| 5 | Defendants Magdalena Flores, M.D. and Brownsville Obstetrics & Gynecology P.L.L.C.'s Original Answer | |

```
RUN DATE 08/07/02                                                           PAGE: 01
RUN TIME 10:22 AM

                                                                    2002-05-002179-C

          *  *  *  C L E R K ' S   E N T R I E S  *  *  *

                                 00039001                                   05    29    02
ANDY LUNA & CRISTINA LUNA INDIVIDUALLY AND AS NEXT   HON. PETER M. ZAVALETTA
                                 603 E. ST. CHARLES
                                 BROWNSVILLE, TEXAS        78520 0000
              VS                                            (10)
MAGDALENA FLORES, M.D. & BROWNSVILLE OBSTETRICS &    00442401
                                 RICARDO M ADOBBATI
                                 134 E PRICE RD.
                                 BROWNSVILLE TEXAS         78521 0000      DAMAGES/NEGLIGENCE
```

```
05/29/02   ORIGINAL PETITION FILED
05/30/02   CITATION: MAGDALENA FLORES, M.D.
05/30/02       SERVED: 06/03/02    FILED: 06/05/02
05/30/02   CITATION: BROWNSVILLE OBSTETRICS &
           GYNECOLOGY, P.L
05/30/02       SERVED: 06/03/02    FILED: 06/05/02
06/24/02   ORIGINAL ANSWER: MAGDALENA FLORES, M.D.
06/24/02   ORIGINAL ANSWER: BROWNSVILLE
           OBSTETRICS & GYNECOLOGY, P.L
07/11/02   CERTIFICATE OF WRITTEN
           DISCOVERY/ECORTEZ
07/16/02   COST BOND BY ATTORNEY/ECORTEZ
07/16/02   COST BOND BY ATTORNEY/ECORTEZ
07/19/02   CERTIFICATE OF WRITTEN
           DISCOVERY/ECORTEZ
```

FILED ___4:40___ O'CLOCK ___P___M
AURORA DE LA GARZA DIST. CLERK

MAY 2 9 2002

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

CAUSE NO: 2002-05-2179-C

| | | |
|---|---|---|
| ANDY LUNA & CRISTINA LUNA<br>*Individually And As Next Friend of*<br>HECTOR ANDY LUNA, *Minor Child*<br>*Plaintiff* | § | IN THE DISTRICT COURT OF |
| vs. | § | CAMERON COUNTY, TEXAS |
| MAGDALENA FLORES, M.D.<br>& BROWNSVILLE OBSTETRICS &<br>GYNECOLOGY, P.L.L.C.<br>*Defendants* | §<br><br>§ | 197th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW ANDY LUNA & CRISTINA LUNA, Individually And As Next Friends of HECTOR ANDY LUNA, Minor Child, Plaintiffs in the above-styled, and for cause of action would show the court and jury as follows:

### I. DISCOVERY CONTROL PLAN

1.0     Plaintiffs intend to conduct discovery pursuant to a Level 3 discovery control plan.

### II. PARTIES

2.0     Plaintiff ANDY LUNA and his wife CRISTINA LUNA are the natural and biological parents of HECTOR ANDY LUNA, Minor Child. Plainitffs reside in Brownsville, Cameron County, Texas.

2.1     Defendant MAGDALENA FLORES, M.D. may be served with citation and process at her medical office at 844 Central Blvd., Suite 140, Brownsville, Texas.

THE ZAVALETTA LAW FIRM
603 E. St. Charles St. • Brownsville, Texas 78521
Telephone (956) 546-5567 • Facsimile (956) 541-2205

2.2    Defendant BROWNSVILLE OBSTETRICS & GYNECOLOGY, P.L.L.C. may be served through its registered agent REYNALDO G. GARZA, 680 E. St. Charles St., Suite 300, Brownsville, Texas.

2.3    At all times pertinent hereto, Defendants (and perhaps other defendants and/or later named defendants) were engaged in a partnership, joint venture, joint enterprise, or other common endeavor at the time of the occurrence made the basis of this suit. As a result, they are jointly and severally liable to Plaintiffs for all damages.

### III. JURISDICTION AND VENUE

3.0    This court possesses subject matter jurisdiction because the amount in controversy exceeds the court's jurisdictional minimum. Moreover, venue is proper in Cameron County, Texas because Plaintiffs reside in Cameron County, Texas, the defendants are believed to reside in Cameron County, Texas and the acts and omissions giving rise to this suit occurred in Cameron County, Texas.

### IV.

4.0    On information and belief, and according to medical records which Plaintiffs do not necessarily admit or aver are complete, accurate, true and correct, in whole or in part, and strictly subject to these conditions, Plaintiffs allege the following:

4.1    This case arises out of the birth of HECTOR ANDY LUNA, Minor Child, at Brownsville Medical Center on or about June 11, 2000. At such time and at all times pertinent hereto, Defendant MAGDALENA FLORES, M.D. was an owner, director, officer, shareholder, agent or servant of, and/or had a financial and/or equity relationship with, Defendant BROWNSVILLE OBSTETRICS & GYNECOLOGY, P.L.L.C.

4.2    The defendants' care and treatment of CRISTINA LUNA and her son HECTOR ANDY LUNA on June 11, 2000 at BROWNSVILLE MEDICAL CENTER was negligent in at least one or more particulars, which negligent acts and/or omissions to act was/were, singularly and/or in combination, the proximate cause of the injuries suffered by the minor child the subject of this suit.

## V.

5.0    As a result of the Defendants' negligence, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

## VI.

6.0    Plaintiffs, individually and by and through their attorney of record, respectfully reserve the right to amend their petition and to allege with greater specificity such further acts and/or omissions on the part of these and any and all later-identified responsible defendants and to further allege specific damages to Plaintiffs in light of conditions and damages known at the time of the trial of this cause.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that citations be issued, that Defendants be served, and that Plaintiffs recover from Defendants, jointly and severally, their actual damages, together with court costs, prejudgment interest and postjudgment interest.

Respectfully Submitted,

THE ZAVALETTA LAW FIRM
603 E. St. Charles Street
Brownsville, Texas 78520
Telephone      (956) 546-5567
Facsimile      (956) 541-2205
ATTORNEYS FOR PLAINTIFF

By:_____
    PETER M. ZAVALETTA
    State Bar No. 22251600

FILED ___ O'CLOCK
AURORA DE LA GARZA DIST. CLERK

JUN 2 4 2002

DISTRICT COURT OF CAMERON COUNTY TEXAS

CAUSE NO. 2002-05-2179-C

| | | |
|---|---|---|
| ANDY LUNA & CRISTINA LUNA | § | IN THE 197TH JUDICIAL |
| Individually and As Next Friend of | § | |
| HECTOR ANDY LUNA, Minor child | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| MAGDALENA FLORES, M.D. | § | |
| & BROWNSVILLE OBSTETRICS & | § | |
| GYNECOLOBY, P.L.L.C. | § | |
| Defendants | § | CAMERON COUNTY, TEXA |

## DEFENDANTS MAGDALENA FLORES, M.D. & BROWNSVILLE OBSTETRICS & GYNECOLOGY P.L.L.C'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, **MAGDALENA FLORES, M.D. & BROWNSVILLE OBSTETRICS & GYNECOLOGY P.L.L.C'S,** named defendants herein and file this their Original Answer to Plaintiffs' Original Petition and in support thereof would respectfully show unto the Court as follows:

I.

### GENERAL DENIAL

Defendants, deny each and every, all and singular, the allegations contained within Plaintiffs' Original Petition and without waiving their right to file other and further pleadings, motions, and discovery, demand that Plaintiffs be held to the most strict requirements of proof and that these Defendants be released without cost and delay and for such other and further relief to which they may show themselves justly entitled.

**SPECIAL EXCEPTIONS**

1.      Defendants specially except to Plaintiffs' petition in general and at paragraphs IV and V as the petition fails to delineate with any specificity the factual allegations that give rise to liability on behalf of these defendants. More specifically, the petition fails to indicate what actions, or inactions were taken by Defendants that ultimately gave rise to the injuries claimed by plaintiffs. Defendants request that this honorable court grant this exception and require that the plaintiffs replead with specificity the specific actions on behalf of Magdalena Flores, M.D. & Brownsville Obstetrics & Gynecology, P.L.L.C., Individually that give rise to this suit or in the alternative, that said pleadings be struck.

2.      Defendants specially except to plaintiffs' original petition as it indicates these defendants were properly provided with notice and subject to suit in the manner in which the petition was filed. Defendants are full time physician contractor with the Brownsville Community Health Center. As such this lawsuit without admitting any liability, may give rise to an action solely within the confines of the Federal Tort Claims Act by virtue of the clinics' receipt of Federal Grant funds pursuant to Section 330 of Public Health Service Act. Defendants would request that the court grant this special exception and request that the Plaintiffs' replead with those specific acts that have allegedly given rise to this action and allowed that they circumvent the requirements of the Federal Tort Claim Act.     This honorable Court should further make a determination as to whether the actions fall with the purview of the Federal Tort Claims Act and consequently invoke the exclusive jurisdiction of the Federal Court System, or in the alternative, that said pleadings be struck.

3.      Defendants would request that this court order that plaintiff replead and specify where and how proper notice was provided pursuant to the administrative requirements of the

Federal Tort Claims Act should same be required, once the specifics acts of alleged negligence have been plead by Plaintiffs', or in the alternative, that said pleadings be struck.

4.      Defendants further specially excepts to Plaintiffs' Original Petition V, wherein suit is brought as no amount of damages have been sought and said pleading is vague, general and indefinite and fails to fairly apprise these defendants of the maximum dollar amount for which they are being sued.   Pursuant to Rule 47 of the Texas Rules of Civil Procedure, defendants would urge the Court to order plaintiffs to replead with a maximum dollar amount for which they are seeking recovery in this case or in the alternative, that said pleading be stricken in its entirety.

III.

**AFFIRMATIVE DEFENSES**

Defendants Magdalena Flores, M.D. & Brownsville Obstetrics & Gynecology, P.L.L.C. still urging and relying on matters herein above alleged, by way of further answer, should same be necessary, alleges by way of affirmative defenses as follows:

(a)     Plaintiffs cannot recover directly or indirectly from these defendants pursuant to the Doctrine of Individual/Qualified Immunity and these defendants have not waived such Individual/Qualified Immunity.

(b)     In the alternative, should plaintiffs plead facts with greater specificity, and it be determined that the Federal Tort Claims Act does apply to Plaintiffs' claims, these Defendants would invoke the statutory limits on damages contained in such act.

(c)     Defendants would show that under the Federal Tort Claims Act, should it found applicable that they are entitled to receive notice of a claim against them, no later than six (6) months after the date that the incident giving rise to the claim occurred.   Such a claim must be presented to the Federal Government where administrative measures must be exhausted prior to filing suit. Defendants would show that Plaintiffs did not comply with the notice provision and therefore urge that Plaintiffs cannot recover directly or indirectly against these Defendants because of such incompliance with said act.

(d)  In the alternative, defendants would show that Plaintiffs' injuries and damages as alleged, although such injuries and damages are not so acknowledged, were caused in whole or in part, or contributed to by the negligence or fault or want of care of parties, conditions or instrumentalities over which these defendants exercised no control, and for whose acts these defendants are not under the law responsible.

(e)  In the alternative, on the occasion in question Plaintiffs were guilty of various acts, omissions and wrongs, each of which constituted negligence and each of which were the sole cause or alternatively, a proximate cause of the occurrence in question and the alleged damages, if any.

(f)  In the alternative, defendants still urging and relying on matters hereinabove alleged, further state by way of additional affirmative defense that the injuries of which plaintiffs complain were in no way caused by or brought on by any alleged act or omission committed by these defendants, but such claims are due solely, if at all, to the acts of third persons, for whose conduct these defendants are not liable or responsible, and whose conduct constituted an independent intervening cause and a sole proximate cause.

(g)  In the alternative, is such be necessary, defendants Magdalena Flores, M.D. & Brownsville Obstetrics & Gynecology, P.L.L.C. say that the incident in question was proximately caused by the joint negligence of Plaintiffs and third-party persons.

(h)  As an additional affirmative defense, defendants Magdalena Flores, M.D. & Brownsville Obstetrics & Gynecology, P.L.L.C. reserve the right to file any and all cross actions, third-party actions, discovery, pleadings and motions as they may deem proper.

WHEREFORE, PREMISES CONSIDERED, defendants respectfully pray that upon a final hearing hereof, that Plaintiffs recover nothing from these defendants and that the Court enter a judgment that these defendants go hence with all costs of court and for all such other and further relief, both general, special, legal and equitable including attorneys' fees, costs and expenses to which these defendants may show themselves justly entitled to receive.

Signed this 24th day of June, 2002.

Respectfully submitted,

LAW OFFICES OF RICARDO M. ADOBBATI
134 E. Price Road
Brownsville, Texas 78521
Telephone No. (956) 544-6881
Facsimile No. (956) 544-6883

By: _____
      Ricardo M. Adobbati
      State Bar No. 00790208
      Fed. I. D. #18158
      County I.D. #11922
      Attorney for Defendants
      Magdalena Flores, M.D. &
      Brownsville Obstetrics &
      Gynecology, P.L.L.C.

---

## CERTIFICATE OF SERVICE

---

I hereby certify that a true and correct copy of the above and foregoing, Magdalena Flores, M.D. & Brownsville Obstetrics & Gynecology, P.L.L.C.'s Original Answer, has been served on all counsel of record as follows:

      Mr. Peter M. Zavaleta
      The Zavaletta Law Firm
      603 E. St. Charles Street
      Brownsville, Texas 78520

via certified mail, return receipt requested, on this _____ day of June, 2002.

_____
Ricardo M. Adobbati

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Andy Luna & Cristina Luna, Individually And As Next Friend of Hector Andy Luna, Minor Child Catherine Mayes, <br><br> Plaintiffs, <br><br> v. <br><br> Magdalena Flores, M.D., & Brownsville Obstetrics & Gynecology, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )      Case No. |

DECLARATION OF
RICHARD G. BERGERON

1.  I am an Attorney in the Division of Business and Administrative Law, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2.  The Department's Program Support Center has a Claims Branch that maintains in a computerized database a record of all administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.


GOVERNMENT
EXHIBIT
"B"

- 2 -

3.  As a consequence, if a tort claim had been filed with the Department with respect to Brownsville Community Health Center a record of that filing would be maintained in the Claims Branch's database.

4.  I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Cristina Luna, Andy Luna, or their authorized representative relating to Brownsville Community Health Center or Magdalena Flores, M.D.

5.  I have also reviewed official agency records and determined that Brownsville Community Health Center was first deemed eligible for Federal Tort Claims Act malpractice coverage effective June 30, 1993, and that its deemed status has continued without interruption since that date.  Copies of the notifications by an Assistant Surgeon General, Department of Health and Human Services, to Brownsville Community Health Center are attached to this declaration as Exhibit 1.

6.  Official agency records also indicate that Magdalena Flores, M. D., was a qualified contractor of Brownsville Community Health Center at all times relevant to the complaint in this case; Dr. Flores therefore has been deemed an employee of the Public Health Service for purpose of this action.

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

- 3 -

Dated at Washington, D.C., this _____ day of

_____, 2002.

RICHARD G. BERGERON
Attorney, Litigation Branch
Business and Administrative Law Division
Office of the General Counsel
Department of Health and Human Services



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

Health Resources and
Services Administration
Rockville MD 20857

JUN 30 1993

Ms. Paula Gomez
Executive Director
Brownsville Community Health Center
2137 East 22nd Street
Brownsville, Texas 78520

Dear Ms. Gomez:

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of
the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as added by the Federally
Supported Health Centers Assistance Act of 1992 (P.L. 102-501), deems the above
named entity to be an employee of the Federal Government for the purposes of
Section 224. Under Section 224(a), the remedy against the United States provided
under the Federal Tort Claims Act (FTCA) for medical and related functions
performed by commissioned officers or employees of the PHS while acting within the
scope of office or employment, shall be exclusive of any other civil action or
proceeding. P.L. 102-501 extends this "FTCA coverage" to the grantees that have
been deemed covered under Section 224(h) and certain of their officers, employees,
and contractors, as specified below.

This action is based on the assurances provided on June 3, 1993, with regard to: (1)
implementation of appropriate policies and procedures to reduce the risk of
malpractice, (2) implementation of a system whereby professional credentials,
references, claims history, fitness, professional review organization findings, and
licensure status of its health professionals are reviewed and verified, (3) cooperation
with the Department of Justice (DOJ) in the defense of claims (including access to
all pertinent documents and patient information and records) and actions to assure
against claims in the future, and (4) cooperation with the DOJ in providing
information related to previous malpractice claims history.

All officers, employees, and full-time contractors (minimum 32.5 hours per week) of
this grantee who are physicians or other licensed or certified health care
practitioners and who are providing services under the scope of activities covered by
the project funded through its Section 329 (migrant health centers), Section 330
(community health centers), Section 340 (health services for the homeless), or
Section 340A (health services for residents of public housing) grant(s) are
also deemed to be employees of the Federal Government for the purposes of
Section 224, as are part-time contractors who are licensed or certified providers of

Page 2 - Ms. Paula Gomez

obstetrical services and whose individual medical malpractice liability insurance coverage does not extend to services performed for this grantee. Subrecipients listed as eligible for FTCA coverage by the grantee, will be deemed eligible only for carrying out those grant-related activities designated as being within the scope of their contract.

Accordingly, the Attorney General, through the DOJ, has the responsibility for the defense of the individual and/or grantee for malpractice claims approved for FTCA coverage. Please note that the applicability of the Act to a particular claim or case will depend upon the determination or certification, as appropriate, by the Attorney General that the individual or grantee is covered by the Act and was acting within the scope of employment. Such determination or certification is subject to judicial review. If the claim is subject to FTCA coverage, it must be reviewed initially by the PHS through an administrative claims process. Your cooperation in the handling of the claim (including providing the relevant medical records) will be necessary.

Section 224 is further amended by providing that hospital admitting privileges can not be denied if a covered health professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. These individuals are thus afforded the same treatment as members of the National Health Service Corps with respect to hospital admitting privileges. Hospitals that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

The BPHC will be evaluating the implications of FTCA coverage for the payment of malpractice insurance costs under the terms of your grant. As a general rule, BPHC would not allow further charges to the grant for malpractice insurance for services subject to FTCA coverage. However, BPHC recognizes that some insurable risks will remain after the effective date of eligibility for FTCA coverage, including risks covered by malpractice insurance for non-covered providers. These remaining risks may require the purchase of private insurance by the grantee. Furthermore, it is expected that grantees will purchase "tail" insurance coverage for current providers with claims made instead of occurrences policies. Consequently, a grantee that has been deemed eligible for FTCA coverage should not cancel its current private malpractice insurance policies until these "gap" coverage requirements have been identified and policies secured.

The BPHC will consider allowing the grantee to continue to purchase its current malpractice insurance where the grantee can demonstrate that: (1) this is necessary to maintain the current scope of services and patient care activities and (2) the cost of such insurance is less than the cost of the insurable risks that remain after FTCA coverage is in effect, i.e., gap coverage.

Furthermore, BPHC will examine your request for charging to your grant the cost of "tail" insurance, if your previous malpractice coverage was for claims made, rather

Page 3 - Ms. Paula Gomez

than occurrences. Here too, we will consider the extent to which the cost of tail insurance exceeds the cost of the present malpractice insurance, in deciding which form of insurance will be an allowable expense under the grant.

The effective date of eligibility for FTCA malpractice coverage is June 30, 1993. FTCA coverage is only applicable to acts or omissions occurring after this effective date and before January 1, 1996, for the scope of activities covered by the grant funded project.

For further information please contact Dr. Fred Pintz, Region VI FTCA Coordinator, at (214) 767-6547.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

JUN 01 '98 03:30PM B°°LE COMM. HEALTH                                                                P.3



**DEPARTMENT OF HEALTH & HUMAN SERVICES**                    Public Health Service
BUREAU OF PRIMARY HEALTH CARE

June 20, 1996                                    Health Resources and
                                                 Services Administration
                                                 Bethesda MD 20814

Ms. Paula S. Gomez
Executive Director
Brownsville Community Health Center
2137 East 22nd Street
Brownsville, Texas 78521

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public
Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health
Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an
employee of the Federal Government, effective June 23, 1996, for the purposes of Section 224.
Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for
damage for personal injury, including death, resulting from the performance of medical, surgical,
dental, and related functions and is exclusive of any other civil action or proceeding.
This "FTCA coverage" is applicable to deemed entities and their including officers, governing
board members, employees, and contractors who are physicians or other licensed or certified
health care practitioners working full-time (minimum 32.5 hours per week) or part-time
providing family practice, general internal medicine, general pediatrics, or
obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of
having malpractice coverage under the FTCA, if a covered health care professional meets the
appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules,
and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA
as meeting whatever malpractice insurance coverage requirements such plans may require of
contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy
of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap.
Therefore, any coverage limits that may be mandated by other organizations are met. For
example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would,
as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a
judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact Lana Jeng, M.D., Regional FTCA Coordinator, HRSA
Field Office, Dallas, Texas at (214) 767-3942.

Sincerely yours,

Marily H. Gaston, M.D.
As...      ... General
D.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

ANDY LUNA AND CRISTINA LUNA　　*
Individually and As Next Friend of　*
HECTOR ANDY LUNA, Minor Child,　*
　　　　Plaintiffs,　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
v.　　　　　　　　　　　　　　　　*　　CIVIL ACTION No.
　　　　　　　　　　　　　　　　　*
MAGDALENA FLORES, M.D.,　　　　*
and BROWNSVILLE OBSTETRICS &　*
GYNECOLOGY, P.L.L.C.,　　　　　　*
　　　　Defendants.　　　　　　　　*

## CERTIFICATION OF SCOPE OF EMPLOYMENT
## UNDER 42 U.S.C. §233(c) and 28 U.S.C. §2679(d)

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, by and through Michael T. Shelby, United States Attorney

for the Southern District of Texas, files this its Certification of Scope of Employment Under 42

U.S.C. §233(c) and 28 U.S.C. §2679(d).    Pursuant to the provisions of 42 U.S.C. §233(c) and

28 U.S.C. §2679(d), and by virtue of the authority vested in me by the Attorney General under

28 C.F.R. §15.3, I hereby find, on the basis of the information now available with respect to the

incident alleged in the complaint, that defendant, Magdalena Flores, M.D. was an employee of

the Brownsville Community Health Center, an entity receiving federal grant money from the

United States Public Health Service pursuant to 42 U.S.C. §§254(b), 256, or 256a, and that

Brownsville Community Health Center was deemed by the Department of Health and Human

Services pursuant to 42 U.S.C. §233(h), eligible for coverage under the Federal Tort Claims Act

effective June 23, 1996. Accordingly, I certify that Magdalena Flores, M.D. was acting within

the scope of her employment with Brownsville Community Health Center at the time of the



GOVERNMENT
EXHIBIT
"C"

incident alleged in the complaint, and that pursuant to 42 U.S.C. §2339(g), Magdalena Flores,

M.D. is deemed to be an employee of the United States for Federal Tort Claims Act purposes

for those negligent acts alleged in the complaint herein.

DONE on this the 11th day of ___September_____, 2002.

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

CAUSE NO. 2002-05-2179-C

FILED 12:00 O'...
AURORA DE LA GARZA DIS

SEP 27 2002

| | | |
|---|---|---|
| ANDY LUNA AND CRISTINA LUNA | * | IN THE 197th JUDICIAL DISTRICT COURT OF CAMERON C |
| Individually and As Next Friend of | * | RICK M. GORNE |
| HECTOR ANDY LUNA, Minor Child, | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | DISTRICT COURT OF |
| | * | |
| MAGDALENA FLORES, M.D., | * | |
| and BROWNSVILLE OBSTETRICS & | * | |
| GYNECOLOGY, P.L.L.C., | * | |
| Defendants. | * | CAMERON COUNTY, TEXAS |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   Ms. Aurora De La Garza
      District Clerk, Cameron County
      974 E. Harrison Street
      P. O. Box 3570
      Brownsville, Texas  78523-3570

      Peter M. Zavaleta
      Attorney at Law
      603 E. St. Charles Street
      Brownsville, TX 78520
      (Counsel for Plaintiffs)

      Ricardo M. Adobatti
      Attorney at Law
      LAW OFFICES OF RICARDO M. ADOBBATI
      134 E. Price Road
      Brownsville, TX 78521
      (Counsel for Defendants)

You are hereby notified that on the 27th day of September, 2002, the United S

Attorney for the Southern District of Texas, on behalf of Magdalena Flores, M.D

Brownsville Obstetrics & Gynecology, P.L.L.C., Defendants named in the Plaintiffs' C

Petition, filed in the United States District Court for the Southern District of Texas, Bro

Division, its Petition for Removal, a copy of which is attached hereto, for the pu

removing this cause to that Court, and has filed with the District Clerk of Camero

Texas, a copy of that Petition thereby removing this litigation.

Pursuant to *28 U.S.C. §1446(d)*, no further proceedings shall be had in State Court in this

matter, unless and until the case is remanded.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St. #201
Brownsville, Texas  78520
(956) 548-2554/FAX (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing copy of the Notice of Removal was mailed

was mailed certified, return-receipt requested on this the 27th day of September, 2002 to the

following:

Peter M. Zavaleta
Attorney at Law
603 E. St. Charles Street
Brownsville, TX 78520
(Counsel for Plaintiffs)

Ricardo M. Adobatti
Attorney at Law
LAW OFFICES OF RICARDO M. ADOBBATI
134 E. Price Road
Brownsville, TX 78521
(Counsel for Magdalena Flores, M.D., and Brownsville Obstetrics & Gynecology, P.L.L.C.)

on this the 27th day of September, 2002.

NANCY L. MASSO
Assistant United States Attorney